**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DFA DAIRY BRANDS FLUID, LLC d/b/a LEHIGH VALLEY DAIRY FARMS,<br><br>Plaintiff,<br><br>vs.<br><br>JBF STAINLESS LLC,<br><br>Defendant. | Case No. 2:26-cv-2497 |

**COMPLAINT FOR DAMAGES**

Plaintiff DFA Dairy Brands Fluid, LLC d/b/a Lehigh Valley Dairy Farms, for its Complaint for Damages against Defendant JBF Stainless LLC, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff DFA Dairy Brands Fluid, LLC d/b/a Lehigh Valley Dairy Farms ("Lehigh") is a Delaware limited liability company with its principal place of business at 1405 N. 98th Street, Kansas City, Kansas 66111.

2. Defendant JBF Stainless LLC, also known as JFJB LLC, ("Defendant" or "JBF") is a New York company with its principal place of business at 1963 Country Mile, Frankfort, NY 13340.

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Lehigh's claims occurred in this District, including Lehigh's principal place of business.

**FACTUAL ALLEGATIONS**

5. Lehigh operates in the dairy production business.

6. JBF is a manufacturer of stainless steel tanks, vessels, and custom processing equipment.

7. Beginning in April 2025, Lehigh and JBF discussed Lehigh's need for certain stainless steel dressing storage tanks.

8. On May 1, 2025, JBF sent a revised proposal to Lehigh describing JBF's tank production capability. Lehigh reviewed but did not sign JBF's revised proposal.

9. On May 5, 2025, Lehigh formally ordered four 3000-gallon dressing storage tanks (the "Equipment") from JBF by issuing a purchase order (the "Purchase Order").[1]

10. The Purchase Order expressly incorporated the purchase-order Terms and Conditions available on the website for Lehigh's parent company, Dairy Farmers of America ("DFA"): <https://www.dfamilk.com/purchase-order-terms-and-conditions>.[2]

11. The Purchase Order, together with the incorporated Terms and Conditions, constitutes the parties' contract (the "Contract").

12. On June 12, 2025, JBF sent Lehigh drawings specifying the production of the Equipment for Lehigh's approval.

---

[1] The Purchase Order is attached hereto as **Exhibit A.**

[2] A copy of the Terms and Conditions is attached as **Exhibit B**.

13. JBF represented that the Equipment would be ready to ship within 24-25 weeks after Lehigh approved the drawings.

14. Lehigh approved the drawings on June 17, 2025.

15. The total price for the Equipment on the Purchase Order was $330,112.

16. Consistent with JBF's invoicing terms, Lehigh paid JBF $297,100.80 toward the Purchase Order, representing 90% of the total purchase price. The remaining 10% was due at the time of shipment.

17. JBF was required to deliver the Equipment to Lehigh's facility in Schuylkill Haven, Pennsylvania, by November 7, 2025.

18. In July 2025, JBF represented to Lehigh that production was on track for delivery in early November.

19. JBF failed to deliver the Equipment by the agreed November deadline.

20. In November 2025, following JBF's failure to deliver the Equipment on time, Lehigh stressed to JBF that the delivery of the tanks was critical to the success of Lehigh's entire project. JBF assured Lehigh it was working with its suppliers.

21. On December 23, 2025, JBF informed Lehigh that a part for the Equipment had been ordered in November but had a six-week lead time due to the holidays. JBF further represented that the part would ship in January 2026 and that, after fabrication, the Equipment would finally ship in late March 2026.

22. On February 25, 2026, DFA's Senior Director of Procurement, sent a letter to JBF on Lehigh's behalf regarding JBF's failure to timely deliver the Equipment despite Lehigh's payment of 90% of the purchase price (the "February Letter").[3]

---

[3] February Letter attached as **Exhibit C**.

23. The February Letter states that "Lehigh has contacted JBF numerous times to inquire as to the status of the Equipment with no resolution."

24. The February Letter provided notice that Lehigh was terminating the Contract due to JBF's material breach and demanded a full refund of Lehigh's $297,100.80 payment for the Equipment.

25. JBF did not respond to the February Letter or refund Lehigh's payment.

26. JBF did not deliver the Equipment in March 2026 as promised.

27. On May 4, 2026, DFA's Assistant General Counsel sent JBF a second letter on Lehigh's behalf, reiterating the terms of the Contract, JBF's failure to deliver the Equipment, and again demanding a refund of Lehigh's $297,100.80 payment (the "May Letter").[4]

28. On May 6, 2026, local news reported that JBF was ending its operations.[5]

29. Days later, on May 12, 2026, Lehigh received a letter entitled "Notice of Permanent Closure of JBF Stainless," signed by President Alex Alexandrov (the "Closure Notice").[6]

30. The Closure Notice stated: "This letter is to formally notify you that JBF Stainless . . . has permanently ceased operations and will not be reopening."

31. The Closure Notice further stated that, as of May 8, 2026, JBF had discontinued all manufacturing, sales, service, and support activities, and was no longer accepting new orders or fulfilling existing orders. The Closure Notice did not address the February Letter, the May Letter, or Lehigh's demand for a refund.

---

[4] May Letter attached as **Exhibit D**.

[5] WKTV News, "Frankfort Manufacturer Closes Its Doors," https://www.wktv.com/news/local/frankfort-manufacturer-closes-its-doors/article_9f52ed1c-695e-42fa-b9f4-b6a22320b140.html (last visited July 29, 2026).

[6] Closure Notice attached as **Exhibit E**.

32. JBF never delivered or tendered the Equipment. JBF's failure to deliver the Equipment constitutes a material breach of the Contract with Lehigh.

33. JBF has failed to issue a refund of Lehigh's 90% payment of $297,100.80.

34. As a direct and foreseeable consequence of JBF's breach, Lehigh has suffered direct damages of at least $297,100.80.

35. Because JBF failed to deliver the Equipment, Lehigh also incurred additional incidental and consequential damages in excess of $579,320.00, including costs to procure and modify replacement dressing tanks, costs for materials purchased for use with JBF's tanks that could not be used, costs for materials necessary for use with the replacement tanks, additional programming and labor to implement and test the modifications, and other related costs and damages.

36. Lehigh has made repeated written demands to JBF for a refund, including the February Letter and May Letter, but JBF has failed to respond or cure its breach.

37. Section 6(h) of the Terms and Conditions for the Contract expressly entitles the prevailing party in any action arising out of or relating to these Terms to recover its reasonable attorneys' fees and costs.

38. The Terms and Conditions contain a choice-of-law provision in Section 6(g) stating: "The validity, interpretation and performance of these Terms shall be governed by the laws of the State of New York without taking into account its conflict of laws provisions."

39. Accordingly, the laws of the State of New York govern the interpretation and enforcement of the Contract.

**COUNT I**
**Breach of Contract**

40. Lehigh incorporates by reference the foregoing paragraphs as if fully pled herein.

41. The Purchase Order and its incorporated Terms and Conditions constitute a valid and enforceable contract between Lehigh and JBF.

42. Lehigh performed its obligations under the Contract, including paying $297,100.80 or 90% of the purchase price for the Equipment.

43. JBF materially breached the Contract by failing to deliver the Equipment and failing to refund Lehigh's substantial payment.

44. As a direct and proximate result of JBF's breach, Lehigh has suffered damages in an amount to be proven at trial, including at least $297,100.80 in direct damages, together with recoverable incidental and consequential damages in excess of $579,320.00, pre- and post-judgment interest, costs, and attorneys' fees.

**COUNT II**
**Unjust Enrichment (pled in the alternative)**

45. Lehigh incorporates by reference the foregoing paragraphs as if fully pled herein.

46. In the unlikely event the Court finds that no enforceable contract governs this dispute, JBF has nevertheless been unjustly enriched at Lehigh's expense.

47. Lehigh conferred a benefit on JBF by paying $297,100.80, which JBF knowingly accepted and retained.

48. JBF failed to deliver the Equipment or refund Lehigh's payment, and Lehigh has received no value for the payment it made.

49. It would be unjust and inequitable for JBF to retain Lehigh's 90% payment without providing the Equipment or restitution.

50. Lehigh is therefore entitled to recover from JBF the amounts paid and other damages resulting from JBF's unjust enrichment.

**COUNT III**
**Negligent Misrepresentation**

51. Lehigh incorporates by reference the foregoing paragraphs as if fully pled herein.

52. In the course of its business and for the purpose of inducing Lehigh to proceed with the transaction, JBF represented to Lehigh, among other things, that it could timely deliver the Equipment as detailed in the Contract.

53. Defendant JBF made these representations with the intent that Lehigh rely on them in purchasing the Equipment and issuing a substantial payment of $297,100.80.

54. These representations were material to Lehigh's decision to purchase the Equipment from JBF and other project-planning decisions.

55. JBF's representations concerning the production and delivery of the Equipment were false, and JBF failed to exercise ordinary care in making or verifying its statements to Lehigh.

56. Lehigh reasonably and justifiably relied on JBF's representations.

57. As a direct result of Defendant's negligent misrepresentations, Lehigh has suffered direct damages in excess of $297,100.80, plus incidental and consequential damages in excess of $579,320.00.

**COUNT IV**
**Promissory Estoppel**

58. Lehigh incorporates by reference the foregoing paragraphs as if fully pled herein.

59. In the course of its business and for the purpose of inducing Lehigh to proceed with the transaction, Defendant JBF represented to Lehigh, among other things, that it could manufacture and timely deliver the Equipment as detailed in the Contract.

60. JBF's proposal was clear and unambiguous about the kind of equipment Lehigh needed, what JBF could offer, and the timeline on which the Equipment could be delivered.

61. Lehigh reasonably and foreseeably relied on JBF's promises by making progress payments totaling $297,100.80, planning its project around JBF's promised delivery, and refraining from promptly procuring substitute equipment.

62. Lehigh's reliance on JBF's promises was reasonable under the circumstances.

63. JBF failed to perform its promises, causing Lehigh injury, including the loss of its $297,100.80 payment, and costs associated with obtaining and implementing substitute equipment, in excess of $579,320.00.

64. Lehigh also had to obtain alternative equipment on short notice and modify its production process to accommodate that equipment. In addition, Lehigh's performance on its collateral contracts was affected by JBF's failed promises. Lehigh therefore suffered direct and collateral damages in excess of $876,420.80.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DFA Dairy Brands Fluid, LLC d/b/a Lehigh Valley Dairy Farms respectfully requests that the Court enter judgment in its favor and against Defendant JBF Stainless LLC as follows:

A. Awarding Lehigh compensatory damages in an amount to be proven at trial, including at least $297,100.80, and all recoverable incidental and consequential damages, including at least $579,320.00;

B. Awarding Lehigh pre- and post-judgment interest as allowed by law;

C. Awarding Lehigh its costs, expenses, and reasonable attorneys' fees pursuant to Section 6(h) of the Terms and Conditions of the Contract; and

D. Granting such other and further relief as the Court deems just and proper.

Dated: August 19, 2026

Respectfully submitted,

LATHROP GPM LLP

By: /s/ *Kathleen Fisher Enyeart*

Kathleen Fisher Enyeart (KS Bar #25203)
2323 Grand Boulevard, Suite 800
Kansas City, Missouri 64108
Telephone: (816) 292-2000
kathleen.fisherenyeart@lathropgpm.com

*Attorney for Plaintiff DFA Dairy Brands Fluid, LLC d/b/a Lehigh Valley Dairy Farms*