**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DFA Dairy Brands Fluid, LLC,<br>d/b/a LEHIGH VALLYE DAIRY FARMS,<br><br>Plaintiff,<br><br>v.<br><br>JBF STAINLESS LLC, *et al.*,<br><br>Defendants. | Case No. 26-2497-AJP-BGS |

**ORDER TO SHOW CAUSE**

The Court has reviewed its subject-matter jurisdiction over this breach of contract case that alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The present record, including the Amended Complaint (Doc. 9), raises concerns as to whether diversity jurisdiction exists. Plaintiff must therefore address that issue in a written response to this Show Cause Order.

**I. Background.**

The original Complaint was filed on August 19, 2026 (Doc. 1) followed by an Amended Complaint on September 21, 2026 (Doc. 9, hereinafter "operative pleading"). The operative pleading generally alleges breach of contract, unjust enrichment, and negligent misrepresentation by Defendants in regard to the alleged failure to deliver certain stainless steel dressing storage tanks for Plaintiff's dairy products. (*See generally id.*) Plaintiff has brought claims against Defendants JBF Stainless LLC ("JBF LLC"), Little Five Points, Inc. d/b/a JBF Stainless ("LFPI"), Industrial Control Concepts, Inc. d/b/a ICC Inc. ("ICC"), and ICC Northwest, Inc. ("ICC NW").

In the operative pleading, Plaintiff properly alleges the citizenship of the three Defendant corporations, LFPI, ICC, and ICC NW by stating their principal place of business and states of

incorporation.[1] (*Id.*, at 1-2.) As discussed below, however, the operative pleading incorrectly identifies the citizenship of Plaintiff LLC and Defendant JBF LLC as based on their principal places of business and states of incorporation. (*Id.*, at 1.)

Plaintiff has since filed the requisite diversity jurisdiction statement pursuant to Fed. R. Civ. P. 7.1, which correctly establishes its citizenship as Kansas.[2] (Doc. 5.) That stated, based on the record of the case and particularly the operative pleading, Plaintiff has failed to properly allege the citizenship of Defendant JBF LLC.

## II. Legal Standard.

The Court has an independent obligation to ensure it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may raise the issue *sua sponte*. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the court looks to the face of the complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

The operative pleading indicates diversity as the basis for the Court's jurisdiction. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.[3] 28 U.S.C. § 1332(a). "Diversity jurisdiction requires

---

[1] LFPI is alleged to be a citizen of both South Carolina and New York, ICC is alleged to be a citizen of Missouri, and ICC NW is alleged to be a citizen of Oregon. (Doc. 9, at 1-2.)

[2] Per the 7.1 statement, the sole member is of the Plaintiff LLC is DFA Dairy Brands, LLC, which, in turn, has Dairy Farmers of America, Inc. as its sole member. (Doc. 5, at 1.) Plaintiff LLC thus assumes the citizenship of Dairy Farmers of America, Inc., which is incorporated in and a citizen of Kansas.

[3] Given the amount of damages sought by Plaintiff, the operative pleading adequately establishes the amount in controversy requirement. (Doc. 9, at 2, 10.)

complete diversity – no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

For diversity purposes, the citizenship of a corporation is determined by both the state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). On the other hand, the citizenship for unincorporated associations (such as a limited liability company, general partnership, or limited partnership) is determined by the citizenship of each of its members. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).[4]

## III. Analysis.

As discussed above, the Plaintiff LLC has properly alleged its citizenship as Kansas (Doc. 5), while alleging the citizenship of the three corporate Defendants as South Carolina/New York, Missouri, and Oregon. (Doc. 9, at 1-2.) Plaintiff has not, however, properly alleged the citizenship of Defendant JBF LLC. (*Id.*, at 1.) Rather than indicating the citizenship of each member of Defendant JBF LLC, Plaintiff incorrectly alleges its principal place of business and state of incorporation as if it were a corporation. (*Id.*, at 1.)

Because diversity jurisdiction requires complete diversity, *Grynberg*, 805 F.3d at 905, the Court cannot determine whether it has jurisdiction over Plaintiff's claims without knowing the citizenship of each of the members of Defendant JBF LLC. *Siloam Springs Hotel, LLC*, 781 F.3d at 1234. Plaintiff is, therefore, directed to respond in writing to this Order, providing the Court with the requisite information regarding the members of Defendant JBF LLC. The Court will then assess jurisdiction after considering Plaintiff's submission.

## IV. Conclusion.

[4] Though not implicated here, the Court notes that the citizenship of an individual is determined by his or her domicile not just their residence. *PHH Mortgage Corp. v. Stuber*, 23-1123-DDC-TJJ, 2023 WL 4999153, *2 (D. Kan. 2023).

**IT IS THEREFORE ORDERED** that, by **December 2, 2026**, Plaintiff must show cause in writing why the undersigned should not recommend to the District Judge that this case be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated November 19, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge